IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION



FILED
AUG 30 2002
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| SCOTT JAMES LAVENDER and MARY B. MCMULLEN, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) CIVIL ACTION NUMBER ) CV-02-C-1328-W |
| TUSCALOOSA COUNTY, AL, *et al.* | ) ) |
| Defendants. | ) ) ) ) |

ENTERED
SEP 4 2002

## MEMORANDUM OF OPINION
## GRANTING MOTION TO DISMISS

Before this Court is Defendant Tuscaloosa County's Motion to Dismiss. Based on the undisputed facts, the Motion to Dismiss is GRANTED for the reasons stated herein.

### I. FACTS

In August of 2001, Plaintiffs Lavender and McMullen, both African-American, were driving in Tuscaloosa County when they were stopped by defendant J. Holloway, a deputy sheriff. Holloway accused McMullen of driving while intoxicated. He ordered the parties out of the vehicle. Plaintiffs contend that Holloway used abusive language and unnecessary roughness. Plaintiff Lavender specifically alleges that Holloway beat him, fracturing his ribs in the assault.

Both plaintiffs tested 0.00 on the breath analysis test. As a result, the State dismissed with prejudice all charges against the plaintiffs at the court hearings. Based on these facts, the plaintiffs brought suit against Tuscaloosa County, Ted Sexton, Sheriff of Tuscaloosa County, in

his individual capacity, and J. Holloway, in his individual capacity, alleging civil rights violations caused by racially motivated abuse of African-Americans, pursuant to 42 U.S.C. §1983. Specifically, plaintiffs allege that Tuscaloosa County had a policy or custom that provided a substantial risk that plaintiffs' constitutional rights would be violated, and were deliberately indifferent to that fact.

## II. APPLICABLE LAW

For purposes of a motion to dismiss, all the allegations in a Complaint are construed in light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). All facts alleged by Plaintiff are taken as true. Id. A court cannot dismiss for failure to state a claim unless "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The issue on a motion to dismiss is not whether the plaintiff will ultimately prevail; instead the determinative issue is whether the claimant is entitled to offer evidence to support the claims. Scheuer v. Rhodes, 416 U.S. 232, 236 (1994).

The Supreme Court has held that "Alabama sheriffs, when executing their law enforcement duties, represent the state of Alabama, not their counties." McMillan v. Monroe, 520 U.S. 781 at 793 (1997). Tuscaloosa County brings its motion to dismiss on the basis of McMillan and seeks to have the plaintiffs' claims against it dismissed.

## III. ANALYSIS

As indicated above, the Supreme Court has held that Alabama sheriffs are, in fact, *not* county actors, but are state actors when executing their law enforcement duties. The plaintiffs' claims in this case arise solely out of the exercise of law enforcement duties by the Sheriff and

his deputies. Thus, under McMillan, Tuscaloosa County cannot be liable. Accordingly, it is appropriate to dismiss plaintiffs' claims against Tuscaloosa County.

## IV. CONCLUSION

Based on the foregoing, Defendant Tuscaloosa County's Motion to Dismiss will be granted by separate order.

DONE this 30th day of August 2002.

Chief United States District Judge
U.W. Clemon

3