IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| SCOTT JAMES LAVENDER and<br>MARY B. MCMULLEN,<br><br>Plaintiffs,<br><br>v.<br><br>TUSCALOOSA COUNTY, AL, *et al.*<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NUMBER<br>)  CV-02-C-1328-W<br>)<br>)<br>)<br>)<br>) |

FILED
04 JAN -5 AM 10: 41
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JAN - 5 2004

**MEMORANDUM OPINION**
**DENYING DEFENDANTS MOTION FOR SUMMARY JUDGMENT**

Pending before this Court are Defendants Edmund Sexton's ("Sexton"), Sheriff of Tuscaloosa County and Jeffery W. Holloway's ("Holloway"), Deputy Sheriff of Tuscaloosa County Motions for Summary Judgment. Based upon the evidence presented, the Motions for Summary Judgment will be DENIED.

**I. FACTS**

In August of 2001, Plaintiff Mary McMullen ("McMullen") was driving in Tuscaloosa County with Plaintiff Scott Lavender ("Lavender") as a passenger when they were stopped by Defendant Holloway.[1] Both McMullen and Lavender testified that McMullen was driving normally. Plaintiffs maintain that Holloway used abusive language and ordered McMullen out of the car. When McMullen, who has never received a traffic ticket, stepped out of the car, Holloway told her that he was going to give her a sobriety test. McMullen testified that she had not been drinking that

---

[1] Both Plaintiffs are African-American. Defendant Holloway is white.



night and that there were no beverages of any kind in the car. McMullen also told Holloway that she was not able to do the standing on one foot test because she had just underwent foot surgery, with the cast just being removed a week earlier. McMullen testified that she was nervous and afraid because it was dark and Holloway was acting like a bully. The sobriety tests included McMullen being forced to walk a straight line and stand on one foot, despite her complaints of an injured foot. Nevertheless, after the sobriety tests were completed, McMullen was handcuffed, shoved into a police car, and ultimately arrested for DUI.

After McMullen was handcuffed, Lavender got out of the vehicle and began to walk away, until Holloway ordered him to come back. As Lavender began to walk back toward Holloway, Holloway approached him and began beating and kicking him, forcing Lavender to urinate on himself. Holloway called Lavender a "nigger" during the beating. Holloway also threatened to "blow [Lavender] away" if he moved. As a result of the beating, Lavender suffered three fractured ribs.

Other officers arrived on the scene as Lavender was being beaten. These officers helped to take the Plaintiffs to the county jail. At the jailhouse, McMullen tested 0.00 on the Breathalyzer test, but she was still charged with DUI and required to remain in jail for several hours. Defendant Sexton admits that it is his policy to keep arrestees in jail overnight, even if they register a 0.00 on a Breathalyzer test. Lavender was charged with public intoxication and resisting arrest. He also tested 0.00 on the Breathalyzer test. He had to be taken to the hospital for his injury and remained in jail for seven days, until he was able to post bond. The State dismissed with prejudice all charges against the Plaintiffs at their respective court hearings.

Based on these facts, the Plaintiffs brought suit against Tuscaloosa County, Sexton, in his individual capacity, and Holloway, in his individual capacity, alleging civil rights violations caused

by racially motivated abuse of African-Americans.[2] Specifically, Plaintiffs allege Fourth and Fourteenth Amendment violations against Defendant Holloway for unlawful arrest and excessive force and against Defendant Sexton for failure to supervise and train Holloway. Plaintiffs further allege that Sexton failed to put in place a policy of adequately disciplining deputies who used excessive force or racial profiling.

Plaintiffs maintain that Holloway had a history of violence and brutality against citizens of which Sexton was aware, yet Holloway was never disciplined. Specifically, Plaintiffs indicate that Holloway has beaten two inmates in the county jail and beaten another man at the jail, who filed a suit against him in this Court. *See Murray v. Sexton, et al.*, Case Number CV-00-N-3751-W (N.D. Ala. May 21, 2002). In the case, Holloway was accused of spraying Barado Murray, a black man, with mace, throwing him to the floor, hitting him in the eye, physically abusing him, and pulling him by the nose until it bled. ( Pl. Ex. 19.) The matter was ultimately settled.

All of these incidents are substantiated by reports to the police department from the victims of Holloway's actions. (*Id.*) One beating at the jail was reported by Officer John Huff, a City of Tuscaloosa police officer, who saw the entire incident. In his report, Officer Huff stated, "If Mr. Holloway is not dealt with immediately, I feel that he may hurt someone else and more severely." (Pl. Ex. 21). Despite his history of violence, Holloway has only been disciplined on one occasion, receiving a one-day suspension without pay.

## II. APPLICABLE LAW

Summary judgment is appropriate where the movant demonstrates that there is no genuine issue as to any material facts and that, based upon the undisputed facts, it is entitled to judgment as a matter of law. *See Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990). The

---

[2] Tuscaloosa County was dismissed from this case by this Court in August of 2002.

reviewing court must view the facts in a light most favorable to the non-moving party. *Allen v. Tyson Foods, Inc.*, 121 F.3d 642, 646 (11th Cir. 1997).

Defendants both allege that they are entitled to qualified immunity on Plaintiffs' § 1983 claims. Public officials performing discretionary functions are entitled to qualified immunity, provided their conduct does not violate "clearly established federal statutory or constitutional rights of a which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Officials' conduct may be determined to be violative of "clearly established" law if it was such that ought to have given them fair warning that their actions were unconstitutional. *Hope v. Pelzer*, 536 U.S. 730, 741 (2002).

## III. ANALYSIS

As indicated above, Defendants are only entitled to qualified immunity, if their conduct does not violate "clearly established" law. In this case, Defendants Holloway and Sexton are not entitled to qualified immunity, because Plaintiffs' factual allegations, which the Court views in a favorable light, are sufficient to show that the Defendants should have been aware that their conduct was violative of Plaintiffs' constitutional rights.

First, crediting Plaintiffs' version of the facts, McMullen should not have been arrested for DUI. Indeed, she was not driving erratically and had not been drinking alcohol. At any rate, after McMullen registered a 0.00 on the Breathalyzer test,[3] she should have been released, but she was forced to stay the night in jail. Saliently, it is Sexton's and the Sheriff Department's policy to force arrestees to remain in jail, despite measuring a 0.00 on the Breathalyzer. Where, as here, the officials' conduct is such that they should have been alarmed that constitutional rights were being violated, qualified immunity cannot protect them. *See Hope v. Pelzer*, 536 U.S. at 741.

---

[3] The Court infers from the record that, at the most, thirty minutes elapsed from the administration of the sobriety tests and the Breathalyzer.

Moreover, Defendants are not entitled to qualified immunity on Plaintiff's excessive force claim. Under Plaintiff's allegations, Holloway threw Lavender to the ground, grabbed him, and kicked him, and after Lavender got up, Holloway kicked him in the side, making Lavender urinate on himself. This use of excessive force was violative of Lavender's constitutional rights, and Holloway should have known his use of force was unlawful. *See Sheth v. Webster*, 145 F.3d 1231, 1238 (11th Cir. 1998).

Because the record indicates that Sexton was on notice of Holloway's propensity for violence, qualified immunity is also unavailable to him. It is well-documented that Sexton had notice of Holloway's prior acts of brutality. However, despite multiple reports that Holloway repeatedly engaged in violent conduct and used excessive force, Sexton never imposed improved training, supervision, or discipline on Holloway. While Sexton may have doubted the credibility of the complaints of abused citizens, certainly he should have taken Officer Huff's report about the beating in the jail seriously. In that report, Huff clearly stated that he was concerned that Holloway would seriously injure someone. Accordingly, Sexton's failure to impose additional training on or to discipline Holloway, despite notice, warrants the denial of summary judgment.

## IV. CONCLUSION

Based on the foregoing, Defendants' Motions for Summary Judgment will be denied by separate order.

DONE this 31st day of December, 2003.

Chief United States District Judge
U.W. Clemon

5