FILED
 2005 Aug-11 PM 04:11
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

SCOTT JAMES LAVENDER;
MARY B. McMULLEN,

      Plaintiffs                  CA NO. CV-02-1328-VEH

   v.

TED SEXTON, Sheriff of
Tuscaloosa County, in his
individual capacity;
J. HOLLOWAY, Deputy Sheriff
of Tuscaloosa County, in his
individual capacity,

      Defendants.
_____/

**MEMORANDUM OPINION**

    This case is before the court on Defendant Edmund M. "Ted" Sexton's Objection to Plaintiff Mary B. McMullen's Claims in the Pre-Trial Order and Motion to Strike (doc. 39), which the court, by Order dated August 1, 2005, treated as a renewed motion for summary judgment. As set forth more specifically herein, it is the law of the case that Plaintiff McMullen's arrest and subsequent detention did not violate the Constitution of the United States. Therefore, Defendant's Motion is due to be granted.

Background[1] and Procedural History

Plaintiffs Mary B. McMullen and Scott James Lavender brought this action pursuant to 42 U.S.C. § 1983, alleging that the Defendants violated their Fourth and Fourteenth Amendment rights during a traffic stop and arrest. The district court (Clemon, J.), denied Defendants' motions for summary judgment based on qualified immunity (doc. 26). The Defendants appealed (docs. 27, 28). On August 18, 2004, by unpublished decision, No. 04-10231 (doc. 34), the Eleventh Circuit reversed and remanded. On September 24, 2004, this court, in accordance with the judgment of the Court of Appeals, dismissed with prejudice all claims of Plaintiff Lavender against Defendant Sexton and dismissed with prejudice all claims of false arrest and unlawful detention by Plaintiff McMullen against Defendant Holloway.

The sole remaining claim of Plaintiff McMullen is a claim against Defendant Sexton for alleged constitutional violations arising out of her false arrest and unlawful detention by Defendant Holloway, acting pursuant to the policies of Defendant Sexton.

---

[1] The court adopts the factual statement of the case as set forth in the opinion of the Eleventh Circuit.

The Qualified Immunity Standard[2]

"The defense of qualified immunity completely protects government officials performing discretionary functions from suit in their individual capacities unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003) (internal quotation marks and citations omitted). "To receive qualified immunity, a government official first must prove that he was acting within his discretionary authority." *Id*. at 1357-58. The Eleventh Circuit held, in this case, "it is clear — and undisputed — that defendant[] ... Sexton [was] acting within [his] discretionary authority." (Opinion, at 11)

"Once a defendant establishes that he was acting within his discretionary authority, the burden shifts to the plaintiff to show that the defendant is not entitled to qualified immunity." *Cottone*, 326 F.3d at 1358. The Supreme Court has established a two-part test to determine the applicability of qualified immunity. "The threshold inquiry a court must undertake in a qualified immunity analysis is whether [the] plaintiff's allegations, if true, establish a constitutional violation." *Hope v. Pelzer*, 536 U.S. 730, 736 (2002). "If, under the plaintiff's allegations, the defendants would have violated a constitutional right, 'the next, sequential step is to ask whether

---

[2] As set forth in the Eleventh Circuit's opinion, at pages 11-12.

the right was clearly established.'" *Cottone*, 326 F.3d at 1358 (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

<u>No Constitutional Violation Occurred</u>

In its opinion in this case, the Eleventh Circuit held (at page 15) that Defendant Holloway's actions, including both the initial arrest and detaining Plaintiff McMullen after she had "tested 0.0" on a Breathalyzer test, did not violate Plaintiff McMullen's constitutional rights. This holding is the law of the case. As Defendant Holloway's actions did not violate Plaintiff McMullen's constitutional rights, Defendant Sexton's policies, which Holloway allegedly was following, did not, as applied, violate Plaintiff McMullen's constitutional rights. Therefore, Defendant Sexton is entitled to summary judgment based on qualified immunity.

<u>Sexton's Motion Is Not Barred by Law of the Case</u>

Plaintiff McMullen argues that law of the case bars entering judgment for Defendant Sexton at this time. "Under the law of the case doctrine, a legal decision made at one stage of the litigation, unchallenged in a subsequent appeal when the opportunity existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time." *United States v. Escobar-Urrego*, 110 F.3d 1556, 1560 (11th Cir. 1997) (quoting *Williamsburg Wax Museum v. Historic Figures*, 810 F.2d

243, 250 (D.C. Cir. 1987)). Plaintiff McMullen argues that, because Defendant Sexton did not argue, before the Eleventh Circuit on interlocutory appeal, that his motion for summary judgment should have been granted as to Plaintiff McMullen's allegations of an unconstitutional policy of unlawful arrest and detention[3], law of the case bars his raising that argument now.

The opinion appealed from, that denying both defendants' motions for summary judgment, recognized, but did not adjudicate, the issue of whether Defendant Sexton's policies permitting Defendant Holloway's actions, if the existence of those policies was established, violated Plaintiff McMullen's constitutional rights. However, the Eleventh Circuit expressly held that Defendant Holloway's actions, if established, did <u>not</u> violate Plaintiff McMullen's constitutional rights. (Opinion at 15) That is the law of this case.

It necessarily flows from the law of this case that, if Defendant Holloway's actions as alleged did not violate Plaintiff McMullen's constitutional rights, so, too, Defendant Sexton's policies which Defendant Holloway allegedly was following do not violate Plaintiff McMullen's constitutional rights. To allow Plaintiff McMullen to go forward with a § 1983 claim against Defendant Sexton for a policy whose

---

[3] Defendant Sexton did not appeal from the district court's denial of his summary judgment motion as to Plaintiff McMullen's claims.

implementation has been held <u>not</u> to be a constitutional violation would violate the clear mandate of the Eleventh Circuit in this case.  Defendant Sexton's motion not only is not barred by law of the case, it is required by law of the case.[4]

A separate order will be entered.

**DONE** and **ORDERED** this 11th day of August, 2005.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

[4] Ordinarily, the law of the case doctrine would preclude a party who did not challenge a legal decision on interlocutory appeal from challenging the decision at a later stage in the litigation.  However, in the present case, the Eleventh Circuit held that Holloway's arrest and detention of Plaintiff McMullen did not violate her constitutional rights.  Since there is a conflict between the law of the case doctrine and the constitutional holding rendered by the Eleventh Circuit in the present case, the Court finds that the constitutional holding of the Eleventh Circuit takes priority over general principles of interlocutory appeals.